The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some minor modifications and additions. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing, in a Form 21 Agreement approved by the Commission on June 7, 1989, and in a Pre-Trial Agreement dated January 20, 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The carrier on the risk was Liberty Mutual Insurance Company.
4. Plaintiff's average weekly wage was $276.99, yielding a compensation rate of $184.67.
5. Plaintiff sustained an injury by accident to her lower back arising out of and in the course of her employment with defendant-employer on November 16, 1988.
6. Defendant-employer compensated plaintiff for weekly benefits, pursuant to an Industrial Commission Form 21 approved on June 7, 1989 by the Industrial Commission, from November 17, 1988 through June 3, 1989.
7. Defendant-employer ceased payment of compensation to plaintiff pursuant to Industrial Commission approval of a Form 24 Application to Stop Payment on July 6, 1989.
8. Form W-2 for 1989 and 1990, which was marked as Exhibit J-1, was stipulated into evidence.
9. Industrial Commission Forms 21, 24, 26, 28B, which were marked as Exhibit J-2, were stipulated into evidence.
10. Plaintiff's medical records were stipulated into evidence (Exhibits J-3 through J-12).
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the depositions of Dr. Ballou, Dr. Hardy, Dr. Appert and Dr. Tomaszek are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with modifications to Findings of Fact Numbers 9 and 11, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 39 years old. She is a high school graduate and has completed 2 years of college. Her prior work experience includes general office and secretarial work and dental assistant work. She was employed by defendant-employer as an assistant manager of Personala Tees, a retail store located in Tarrytown Mall in Rocky Mount.
2. On November 16, 1988, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she lifted a gate to open the store and injured her back. As a result of this incident, plaintiff sustained a herniated disk at L4-5 on the right.
3. Plaintiff was treated by Dr. Robert Appert, an orthopaedic surgeon, who performed a lumbar laminectomy and diskectomy at L4-5 on January 30, 1989. As of April 28, 1989, plaintiff was released to return to full duty work. She worked a brief time for defendant-employer before being terminated from the job.
4. As a result of the compensable injury by accident on November 16, 1988, plaintiff had a ten percent functional impairment to her back and was paid permanent partial disability benefits for the ten percent permanent partial disability rating to her back by defendant-employer.
5. Plaintiff worked as a substitute teacher for the Halifax County School System during the 1989-1990 school year. She has not worked in any employment since March 1990.
6. Despite continued lower back pain and pain and numbness radiating into her legs, plaintiff did not seek any medical treatment for nearly 2 years from early 1990 until the first of 1992. She did not seek medical treatment due to her frustration with the doctors' inability to find any physical cause for the symptoms she was experiencing.
7. On January 30, 1992, plaintiff first began treatment for major depression by Dr. Karen Ballou, a psychiatrist, and the staff at the Halifax County Mental Health Center. Plaintiff's major depression is causally related to her compensable injury by accident that occurred on November 16, 1988, and the conflicting assessments and uncertain nature of her medical condition and treatment.
8. On April 23, 1992, plaintiff had a repeat MRI which showed multiple problems, including slippage at the site of the prior lumbar surgery, disk bulging at two levels, degenerative disk disease and joint problems at multiple levels. Although plaintiff did have some pre-existing back problems and degenerative disk disease, had it not been for the compensable incident and surgery, it is unlikely that the degenerative changes would have progressed to the present level.
9. Plaintiff currently has complaints of headaches, neck pain, difficulty swallowing, nausea, and pain and numbness in her neck and arms. There is insufficient convincing medical evidence of record from which to prove by its greater weight that any of these physical complaints are causally related to the compensable incident which occurred on November 16, 1988.
10. In regard to plaintiff's chronic back pain as a result of the compensable incident, she was released to return to sedentary work as of November 3, 1993, with permanent restrictions of no repetitive lifting, twisting, or bending; no lifting over 20 pounds; no prolonged sitting or standing. Plaintiff will continue to require medical treatment for her back condition and the chronic pain and may need additional surgery.
11. Plaintiff's current disability is caused by the major depression which resulted from the compensable injury and chronic pain. Plaintiff's current mental condition and chronic pain constitute a compensable change of condition in that they are a sufficiently related direct and natural result of her original compensable injury. Plaintiff continues to be unable to return to her regular job or any other job that meets her work restrictions. As the result of the injury by accident and the resulting pain and depression, plaintiff is unable to earn the same or any other wages in her former employment with defendant-employer or in any other employment for which she is otherwise qualified. Plaintiff continues to be in need of medical treatment for her psychological problems, including medication and possibly future hospitalization.
12. Plaintiff overstated the mileage for medical treatment on the Industrial Commission Forms 25T she submitted to defendant-employer and for which she has been reimbursed. These forms and a summary of travel discrepancies are a part of the record in this case (Defendant's Exhibit 1).
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Plaintiff has suffered a compensable change of condition. G.S. 97-47. As the result of plaintiff's compensable injury by accident on November 16, 1988, and her resulting chronic pain and major depression, plaintiff is temporarily and totally disabled and, less a deduction for the overpayment of mileage reimbursement, is entitled to receive compensation at the rate of $184.67 per week from January 30, 1992 through the present and continuing thereafter until defendant-employer obtains permission of the Industrial Commission to cease payment of compensation. N.C. Gen. Stat. § 97-29. Defendants may request the Commission by motion to periodically allow and require further examination of plaintiff to determine the current status of her depression, chronic pain, and resulting disability.
2. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of the compensable incident and the resulting emotional condition for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25. The approved medical expenses do not include compensation for medical treatment of plaintiff's gastrointestinal condition, headaches, and neck and arm pain, which conditions are unrelated to the compensable incident.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $184.67 per week from January 30, 1992 through the present and continuing thereafter until defendant-employer obtains permission of the Industrial Commission to cease payment of temporary total disability compensation. Any amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below, and less a deduction for overpayment of mileage reimbursement.
2. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as the result of her compensable injury and resulting chronic pain and emotional condition, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. Defendant-employer shall not be responsible for payment of plaintiff's medical treatment of the gastrointestinal condition, headaches, or neck and arm pain.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump-sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to her counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Defendant-employer shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1995.
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ BERNADINE BALLANCE COMMISSIONER
JHB/nwm 08/09/95